UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH WHITE,<br>　　　　Plaintiff,<br>　　v.<br>ANGELA WRIGHT, et al.,<br>　　　　Defendants. | Case No. 17-cv-03956-KAW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 16 |

On July 13, 2017, Plaintiff Elizabeth White (aka Curry) filed this case against Defendants Angela Wright, Melanie Levorsen, and the Department of Veterans Affairs ("VA"). (Compl., Dkt. No. 1.) Plaintiff alleges that the VA has wrongfully offset her retirement payments in order to pay for a debt that Plaintiff asserts she is not responsible for. (Compl. at 4.[1])

On November 20, 2017, Defendants moved to dismiss the case because: (1) the Court lacks jurisdiction per the Veterans' Judicial Review Act of 1988 ("VJRA"), (2) Plaintiff's claims are barred by sovereign immunity; and (3) Plaintiff fails to state a claim. (Defs.' Mot. to Dismiss at 2, Dkt. No. 16.) Upon consideration of the parties' filings, as well as the arguments presented at the February 1, 2018 hearing, and for the reasons stated below, the Court GRANTS Defendants' motion to dismiss.

## I. BACKGROUND

In her complaint, Plaintiff asserts that since 2014, the VA has been offsetting her retirement payments in order to collect on a "false 'debt.'" (Compl. at 4.) Based on documents attached to Plaintiff 's complaint, it appears that Plaintiff was a fiduciary payee for the VA benefits

---

[1] Because Plaintiff's filings do not include page numbers, the Court cites to the ECF header page numbers for both Plaintiff's complaint and opposition brief.

of her brother, Clifford E. Curry, a disabled veteran. (*See* Compl. at 22.) The VA found that Plaintiff used $25,000 of Mr. Curry's benefits to purchase a condominium, when Mr. Curry did not have the mental capacity to give $25,000 in benefits to her. (*See* Compl. at 14-15, 23.) To recoup the $25,000, the VA has been taking a monthly offset of 25% from Plaintiff's federal retirement benefits. (*See* Compl. at 9.) Plaintiff, however, disputes that she is responsible for the $25,000 debt, and asserts that her brother had falsified information to the VA. (*See* Compl. at 23.)

On November 20, 2017, Defendants moved for dismissal of Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Defs.' Mot. to Dismiss at 1.) Primarily, Defendants argue that Plaintiff's claims are barred by the VJRA, "a comprehensive remedial scheme created by Congress, [which] bars any action that concerns the provision of veterans benefits." (*Id.* at 2.)

On January 4, 2018, Plaintiff filed her opposition to Defendants' motion to dismiss.[2] (Plf.'s Opp'n, Dkt. No. 22.) In her opposition, Plaintiff asserted that around April 2009, she had informed the VA that she was no longer Mr. Curry's fiduciary. (*Id.* at 2.) In 2014, Plaintiff was informed that money would be taken from her retirement check to pay a debt to the VA. (*Id.* at 3.) Plaintiff asserts that Ms. Karen Nall, "the director of the Fiduciary at the VA," informed her that on April 6, 2009, someone purporting to be Plaintiff had sent a fax to the VA, stating that Plaintiff had put a $25,000 down payment on a condo for Mr. Curry. (*Id.*) Plaintiff denied sending the fax or making a $25,000 down payment. Plaintiff further states that in January or February 2017, a Ms. Coralee told her that the debt had been removed and was now assigned to Mr. Curry. (*Id.* at 4.) The monthly offset, however, has not been removed, and is still collected from her retirement check. (*Id.* at 5.) Plaintiff states that thus far, $9,591.96 has been improperly collected. (*Id.*) In response to Defendants' legal arguments, Plaintiff argued that her claim is based on the Treasury Offset Program, that the Little Tucker Act provides concurrent jurisdiction for her claim, and that

---

[2] Plaintiff originally filed an opposition on November 27, 2017. (Dkt. No. 19.) The following day, the parties entered into a stipulation to extend the time for Plaintiff to file an opposition to January 5, 2018. (Dkt. No. 20.) Based on the parties' stipulation, the Court finds that Plaintiff's January 4, 2018 opposition supersedes the November 27, 2017 opposition, and thus considers only the January 4, 2018 filing.

2

1  the VJRA does not apply because her claim does not concern veteran's benefits. (*Id.* at 6-8.)

On January 12, 2018, Defendants filed their reply brief. (Defs.' Reply, Dkt. No. 23.) Defendants disputed that the Treasury Offset Program establishes jurisdiction, or that the Little Tucker Act applies in this case. (*Id.* at 2-3.) Finally, Defendants again asserted that the VJRA applies because "[t]he VA's decision that plaintiff misused her brother's benefits and therefore owed a fiduciary debt to the government falls within this exclusive remedial scheme." (*Id.* at 4.) Defendants also provide a declaration by Mr. Michael Crouse, a VA Assistant Director, which includes an April 6, 2009 fax that appears to be from Plaintiff, stating that Plaintiff was putting down $25,000 on a place for her to live so that Mr. Curry could have her condo. (Crouse Decl., Exh. A, Dkt. No. 23-1.)

## II.  LEGAL STANDARD

### A.  Motion to Dismiss under Rule 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) motion tests whether a complaint alleges grounds for federal subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). "[I]f the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself." *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014). An exception exists, however, where "a court must leave the resolution of material factual disputes to the trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim." *Id.* at 1122 n.3.

**B. Motion to Dismiss under Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations

omitted).

## III. DISCUSSION

The primary dispute in this case is whether Plaintiff's claim falls within the purview of the VJRA. If it does, this Court lacks jurisdiction to review Plaintiff's claim.

"In cases involving benefits owed to veterans, Congress has created a scheme conferring exclusive jurisdiction over claims affecting veterans' benefits to some federal courts, while denying all other federal courts any jurisdiction over such claims." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1020 (9th Cir. 2012). Under the VJRA, "the VA 'shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.'" *Id.* at 1022 (quoting 38 U.S.C. § 511(a)). Moreover, the VJRA "prohibits review of 'all questions of law and fact necessary to a decision that affects the provision of benefits." *Id.* (quoting 38 U.S.C. § 511(a)). The Ninth Circuit has found that this provision is intended to "limit outside 'court intervention' in the VA decisionmaking process." *Id.* (internal quotation omitted).

The Ninth Circuit has found that "[i]n general, review of decisions made in the context of an individual veteran's VA benefits proceedings are beyond the jurisdiction of federal courts outside the review scheme[3] established by the VJRA." *Veterans for Common Sense*, 678 F.3d at 1023. Significantly, this principle applies "even if the veteran dresses his claim as a constitutional challenge, and even where the veteran has challenged some other wrongful conduct that, although unrelated to the VA's ultimate decision on his claim, affected his or her benefits proceeding." *Id.* at 1023-24 (internal citations omitted). Thus, the VJRA "precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations." *Id.* at 1025. "This preclusion extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but

---

[3] Under the VJRA, "responsibility for reviewing decisions made by VA Regional Offices and the Board of Veterans' Appeals [is placed] in a new Article I court, the United States Court of Appeals for Veterans Claims." *Veterans for Common Sense*, 678 F.3d at 1021. Decisions by the Veterans Court are then "reviewed exclusively by the Federal Circuit." *Id.* at 1022.

also to those decisions that may affect such cases." *Id.* In such cases, "the district court must cede any claim to jurisdiction over the case, and parties must seek a forum in the Veterans Court and the Federal Circuit." *Id.* at 1026.

Here, Plaintiff's claim concerns the validity of a debt assessed by the VA, which was purportedly incurred when she was acting as a fiduciary for her brother, a veteran. Plaintiff argues that the VJRA does not apply to her claim because the case does not concern veteran's benefits and because Plaintiff is not a veteran, while Defendants contend that the VJRA applies because this case concerns Plaintiff's purported use of Mr. Curry's veteran's benefits while she was acting as his fiduciary. (*See* Plf.'s Opp'n at 7-8; Defs.' Reply at 4.) Neither party, however, cites to or discusses any statutes or case law concerning fiduciaries or the possible application of the VJRA to decisions related to fiduciaries.

Per 38 U.S.C. § 5502, the Secretary of the VA has the authority to make payments directly to a beneficiary or to a fiduciary for the use and benefit of the beneficiary. Significantly, the implementing regulations authorize the VA to select and appoint "the person or legal entity best suited to receive [VA] benefits in a fiduciary capacity for a beneficiary who is mentally ill (incompetent) or under legal disability . . . ." 38 C.F.R. § 13.55. Section 5502 also gives the Secretary authority to supervise fiduciaries in executing the fiduciary's duties. 38 U.S.C. § 5502(b). Such "supervisory authority includes the ability to investigate claims of malfeasance and to take appropriate action." *Gossett v. Czech*, 581 F.3d 891, 899 (9th Cir. 2009). The Secretary can, for example, require an accounting of benefits paid, terminate the appointment of a federal fiduciary, take informal efforts to correct unsatisfactory conditions such as the failure to use VA funds for the benefit of the fiduciary, or refer a matter to the Regional Counsel should there be misappropriation or violation of federal statutes. 38 C.F.R. § 13.100.

Relevant to the VJRA, the Veterans Court has held that "section 5502 . . . is a matter affecting benefits under section 511(a)." *Freeman v. Shinseki*, 24 Vet. App. 404, 413 (Vet. App. Ct. 2011) (per curiam); *see also Evans v. Greenfield Banking Co.*, 774 F.3d 1117, 1121 ("The Veterans Court has held that administrative actions taken pursuant to § 5502 are subject to review through the application of [the VJRA;] that is, judicial review is exclusively by the Veterans Court

and then the Federal Circuit"). Thus, several district courts outside of this circuit have found that they lacked jurisdiction over cases involving the Secretary's designation and oversight of fiduciaries.

In *Henderson v. United States*, the plaintiff was a disabled veteran who was transferred to the Azalea Gardens long-term care facility. Civil Action No. 1:14-cv-549-ATr, 2014 U.S. Dist. LEXIS 186640, at *2 (N.D. Ga. July 31, 2014). The plaintiff's daughter requested to be appointed the plaintiff's fiduciary, but the VA named Azalea Gardens and its administrator as the legal custodian for the plaintiff. *Id.* The plaintiff sued the VA, bringing a Federal Tort Claims Act ("FTCA") claim based on the allegation that Azalea Gardens and its administrator used his benefit payment for their own personal benefit, and that the VA was negligent because it had failed to adhere to its own process of designating a fiduciary. *Id.* at *3. The district court concluded that it lacked jurisdiction over the case, explaining that "a determination of whether the VA acted negligently in this case would first require an inquiry into whether the VA acted properly in appointing a fiduciary under §[] 5502 . . . ." *Id.* at *10.

Similarly, in *Harris v. Department of Veterans Affairs*, the plaintiff was a veteran who alleged that his former VA-designated fiduciary forged his signatures to refinance a VA mortgage and to obtain loans against his VA life insurance. No. Civ.A. 05-492, 2006 WL 827830, at *1-2 (W.D. Penn. Mar. 30, 2006). The plaintiff sued the VA, alleging that the VA failed to properly investigate these loans and then refusing to resolve the fraudulent actions. *Id.* at *2. The district court explained that the plaintiff's claims "fall squarely within the protections of" 38 U.S.C. § 6106, which enumerated the requirements for dealing with claims of a fiduciary's misuse of veteran benefits, and § 6107, which imposed penalties on the VA when it was negligent in appointing or monitoring a VA-designated fiduciary. *Id.* at *5. Thus, "[a]djudicating these claims would require this Court to second-guess decisions made by the VA and its consideration of factual and legal conclusions concerning Plaintiff's veterans benefits. Consequently, pursuant to 38 U.S.C. § 511(a), this Court is without subject matter jurisdiction to adjudicate these claims." *Id.*

Finally, in *Davis v. Department of Veterans Affairs*, the plaintiff brought a FTCA claim

against the VA based in part on the alleged mismanagement of his benefits by VA-designated fiduciaries. Case No. 3:14-cv-1725-G-BH, 2016 U.S. Dist. LEXIS 182890, at *4 (N.D. Tex. Dec. 8, 2016). Like *Harris*, the district court found that the "claims of theft and mismanagement of funds by his appointed fiduciary are also governed by the VJRA because they fall within the confines of 38 U.S.C. §§ 6106 and 6107, which govern the misuse of veteran benefits by an appointed fiduciary and the failure of the VA Secretary to investigate or monitor a fiduciary." *Id.* at *9-10. Thus, the district court concluded that it lacked jurisdiction under the VJRA, and dismissed the case without leave to amend.

In the instant case, Plaintiff's claims concerns not just any debt, but a debt that was purportedly incurred when she was acting as a fiduciary responsible for her brother's veteran's benefits. Thus, Plaintiff is essentially challenging the actions of the VA in supervising her use of her brother's benefits when acting as his fiduciary. Again, § 5502 gives the Secretary authority to supervise the actions of a fiduciary, and Courts have found such actions to be a matter affecting benefits under the VJRA. Additionally, while Plaintiff argues that she is not responsible for the $25,000 down payment for a condo, this goes to whether she misused the benefits, an act that is under the supervision of the VA per 38 U.S.C. § 6106. This supervision, in turn, has been found by courts to fall within the purview of the VJRA, such that the district courts lack jurisdiction to review the claim.

The Court acknowledges that the instant case is unique, in that Plaintiff herself is not the veteran, but was the fiduciary. Plaintiff does not point to any authority that the VJRA applies only to claims brought by veterans, however, and indeed, there are cases outside of this Circuit in which courts have found claims brought by non-veterans to be encompassed by the VJRA. For example, in *Evans*, the Seventh Circuit found that claims brought by a veteran's wife and daughter (the veteran's former fiduciary) were properly dismissed for lack of jurisdiction under the VJRA because "[t]he complaint here is really a challenge to a federal fiduciary appointment and to veteran benefits distribution." 774 F.3d at 1118, 1124. Outside of the fiduciary context, the Federal Circuit has found that a case challenging the termination of an attorney's accreditation to represent claimants before the VA fell within the purview of the VJRA. *Bates v. Nicholson*, 398

F.3d 1355, 1357. Thus, the key question is not whether the plaintiff is a veteran or not, but whether the claim concerns a "'decision by the Secretary under a law that affects the provision of veterans' benefits.'" *Veterans for Common Sense*, 678 F.3d at 1025 (quoting 38 U.S.C. § 511(a), internal modification omitted). Again, "[t]his preclusion extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to *those decisions that may affect such cases.*" *Id.* (emphasis added). Such is the case here, where Plaintiff's claims directly concern whether the VA properly supervised Plaintiff's use of her brother's veteran's benefits while she was acting as a fiduciary, a supervisory power that has been held to be a matter affecting benefits under the VJRA.

Accordingly, the Court concludes that because Plaintiff's claims concern VA benefits proceedings, the Court lacks jurisdiction over this case. Because the Court lacks jurisdiction, it need not address whether Plaintiff can assert claims under the Treasury Offset Program or the Little Tucker Act because even if she could, the Court would be precluded from reviewing such claims under the VJRA.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss. Because dismissal is based on lack of jurisdiction, the Court dismisses without leave to amend. As acknowledged by Defendants, however, Plaintiff is not precluded from bringing her claims in all forums; Plaintiff, for example, may still bring her claims in the Board of Veterans Appeals. (Defs.' Reply at 4; *see also* Defs.' Mot. to Dismiss at 12 ("Plaintiff has recourse through the administrative claims and review process created by Congress").)

IT IS SO ORDERED.

Dated: February 2, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge